
Gregory G. Barnett (GGB-3751)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

**08 CV 4315**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ACE AMERICAN INSURANCE COMPANY
a/s/o SIDNEY FRIEDMAN

                          Plaintiff,

       - against -

JEFFSTAR MARINE SERVICES and JEFFSTAR, INC.

                       Defendants.
------------------------------------------------------------X



      Plaintiff, Ace American Insurance Company (hereinafter "ACE"), by its attorneys, Casey & Barnett, for its Complaint, alleges upon information and belief, as follows:

### PARTIES

      1.    At all material times, ACE, was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 140 Broadway, 40th Floor, New York, New York 10005 and was at all material times the insurer of Sidney Friedman, owner of a 1993 48' Ricker 48 Convertible sportfish.

      2.    At all material times, Sidney Friedman was the owner of a 1993 48' Ricker 48 Convertible sportfish (hereinafter "vessel"), a recreational sporting vessel with hull identification number RIX48011A393.

3. At all material times, Jeffstar Marine Services was and still is a business entity duly organized and existing under the laws of the state of New York, with a place of business located at 100 Jefferson Street, Freeport, New York 11520.

4. At all material times, Jeffstar, Inc. was and still is a business entity duly organized and existing under the laws of the state of New York, with a place of business located at 100 Jefferson Street, Freeport, New York 11520 and was the owner, operator, and/or manager of Jeffstar Marine Services.

## JURISDICTION

5. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## FACTS

6. During the Fall of 2006, Mr. Friedman contracted defendants to haul the vessel for winter storage, which included, among other things, winterizing the vessel's main engines.

7. On or about June 26, 2007, Mr. Friedman was advised by defendants that they had improperly winterized the vessel, which resulted in damages to the vessel's starboard engine.

8. Defendants attempted a repair of the engine and heat exchanger by welding the heat exchanger. This was an improper repair as there were still existing cracks in the exhaust manifolds when the vessel was released to Mr. Friedman.

9. On or about July 13, 2007, Mr. Friedman, unknowing of the coolant leaks, ran the vessel, which subsequently caused the starboard engine to overheat causing damage to the engine.

10. The damages sustained to the vessel were not the result of any act or omission of the plaintiff but, to the contrary, were due solely as the result of breach of contract, breach of bailment, breach of the warranty of workmanlike performance, negligence, fault, neglect and gross negligence of Jeffstar Marine Services and Jeffstar, Inc.

11. At all times relevant hereto, a contract of insurance for property damage was in effect between Sidney Friedman and ACE, which provided coverage for, among other things, loss or damage to the vessel.

12. Pursuant to the aforementioned contract of insurance between Sidney Friedman and ACE, monies have been and will be expended on behalf of Sidney Friedman, to the detriment of ACE due to improper winterization and improper repairs to the starboard engine.

13. Due to the improper winterization and repairs, the vessel and Sidney Friedman sustained damages which ACE has paid pursuant to the insurance policy.

14. As ACE has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, ACE has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

15. ACE brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested, as their respective interests may ultimately appear, and ACE is entitled to maintain this action.

16. By reason of the foregoing, ACE has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $51,864.37.

17. All and singular the matters alleged herein are true and correct. ACE reserves the right to amend and supplement this Complaint, as further facts become available.

**WHEREFORE**, ACE prays:

1. The Court order, adjudge and decree that defendants, JEFFSTAR MARINE SERVICES and JEFFSTAR, INC., be found liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs.

2. That this Court grants to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
     May 7, 2008
     230-30

                                           CASEY & BARNETT, LLC
                                           Attorneys for ACE

By: _____
      Gregory G. Barnett (GGB-3751)
      317 Madison Avenue, 21st Floor
      New York, NY 10017
      (212) 286-0225