UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Docket No. 08 CV 4315
ACE AMERICAN INSURANCE COMPANY,
a/s/o SIDNEY FRIEDMAN
                         Plaintiff,

      -against-

JEFFSTAR MARINE SERVICES and           MEMORANDUM OF LAW
JEFFFSTAR Inc.


                        Defendants.
------------------------------------------------------------X


PRELIMINARY STATEMENT


The Defendant, Jeffstar Marine Services seeks an Order from this Court to vacate its default pursuant to FRCP rules 55(c) and 60(b) (1) and permit said defendant to serve and file its answer in this matter. This application is based upon an excusable default, a meritorious defense and the Plaintiff will suffer not prejudice.

1

## STATEMENT OF FACTS

For the sake of brevity the factual basis for Defendant's application are contained in the accompanying affidavit of Dominic Aracci, President of Jeffstar Marine Services Inc. and will not be repeated herein.

However, Mr. Aracci readily believed that this matter was stayed due to the bankruptcy filing by the co-defendant Jeffstar, Inc. who has nothing to do with this matter. Once Mr. Aracci understood the issue after the Magistrate Judge Peck in his July 2, 2008 Order directing "either or both Jeffstar entities appear promptly i.e. no latter than July 7, 2008," or a default judgment would be entered, Mr. Aracci retained counsel on behalf of this moving Defendant. Unfortunately before This Defendant could appear pursuant to Magistrate Judge Peck's Order, Judge Jones issued an Order directing that Magistrate Jones conduct an inquest in this matter.

POINT ONE

THE DEFAULT OF DEFENDANT SHOULD BE VACATED AND DEFENDANT SHOULD BE PERMITTED TO APPEAR AND ANSWER THE COMPLAINT

Federal Rules of Civil Procedure 55(c) in pertinent part, states:

"Setting aside a Default or a Default Judgment. The Court may set aside an entry for good cause, and it may set aside a default judgment under Rule 60(b)."

Rule 60(b) in pertinent part, states:

"Grounds for relief from final Judgment, Order or Proceeding. On motion final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect.

(6) any other reason that justifies relief"

Under Rule 55(c) the principal factors bearing on the appropriateness of reliving a party of a default are whether the default was willful, whether setting aside would prejudice the adversary and whether a meritorious defense is presented. Traguth v Zuck, 710 F.2d 90, (2d Cir. 1983).

The Courts do not favor defaults particularly when the case presents issues of fact and doubts are to be resolved on favor of a trial on the merits. Klapprott v. United States, 335 US 601(1949), Traguth at 94. In deed, the US Second Circuit has said that the extreme

3

sanction of a default judgment should be a weapon of last resort, rather than the first resort. Meehan v. Snow, 652 F.2d 274, (2nd Cir. 1981).

In the instant action, the Defendant has shown an excusable default by the mistaken belief that the automatic stay of the bankruptcy filing by co-defendant Jeffstar Inc would also stay this action with respect to Jeffstar Marine Services Inc. Once moving defendant saw Magistrate Judge Peck's July 2, 2008 defendant moved quickly to retain counsel and bring this application.

In addition, Defendant has shown a good and meritorious defense in this matter. It was the Subrogee's own son who exclusively communicated with Defendant, directed what work was to be done and was actually operating the boat when the purported damage occurred. In fact there has been no proof as to what caused the damage, where it occurred and how it occurred. These as issues of fact that are vigorously contested by Defendant. In deed, by Plaintiff's own admission form the pleadings the engine manifolds leaked and defendant only worked on the heat exchanger.

Finally Plaintiff can not show any prejudice in this matter as mere delay will not suffice. Davis v. Musler, 713 F2d 907, 916 (2d Cir. 1983).

## CONCLUSION

By reason of the forgoing it is respectfully requested that Defendant, Jeffstar Marine Services Default be vacated and set aside and said Defendant be permitted to serve and file its an answer in this matter.

                                          Daniel R. Olivieri, (dro9969)
Attorney for Defendant,
Jeffstar Marine Services Inc.
100 Jericho Quadrangle
Suite 233
Jericho, N.Y. 11753
516-470-0704