UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ACE AMERICAN INSURANCE COMPANY
a/s/o SIDNEY FRIEDMAN                          2008 Civ. 4315 (BSJ) (AJP)

                    Plaintiff,

                                              **AFFIDAVIT OF CHRISTOPHER**
        - against -                           **R. MARTIN IN SUPPORT OF**
                                              **REPLY MEMORANDUM IN**
JEFFSTAR MARINE SERVICES and JEFFSTAR,        **LAW IN OPPOSITION TO**
INC.                                          **MOTION TO VACATE**
                                              **DEFAULT JUDGMENT**
                    Defendants.
------------------------------------------------------------X

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK )

        CHRISTOPHER R. MARTIN, being duly sworn, deposes and says:

        1.      I am a paralegal at the firm of Casey & Barnett, LLC and as such, I am familiar

with the facts and circumstances in the above titled action.

        2.      I make this affidavit in support of Gregory G. Barnett's Memorandum in Law in

Opposition to Motion to Vacate Default Judgment.

        3.      This is an action to recover the cost of repairing a motor vessel's engine which

sustained damages due to improper winterization and an improper repair carried out by the

defendants. Plaintiff also sues for surveyor's fees.

        4.      The defendant was notified of plaintiff's claim via U.S. mail on February 14,

2008 (attached hereto as Exhibit 1).

        5.      After, we did not receive any reply from our letter dated February 14 and the

action was commenced on May 7, 2008, by the filing of the Summons and Complaint (attached

hereto as Exhibit 2).

6.      A copy of the Summons and Complaint was served on Carol Smith on behalf of defendants, Jeffstar Marine Services, Inc. and Jeffstar, Inc. on May 15, 2008 at their place of business located at 100 Jefferson Street, Freeport, New York, 11520. The affidavit of service was filed via ECF on June 16, 2008 and the original affidavit of service was filed with the Clerk of the Court via U.S. mail on June 16, 2008 (attached hereto as Exhibit 3).

7.      In or about late May, I received a telephone call from a woman at Jeffstar, who advised that there was no one at Jeffstar who could deal with the matter that day. I advised that they had 20 days to Answer the Complaint, to which she advised that the situation would be dealt with when her superiors returned.

8.      Defendant's Answer was due on June 4, 2008.

9.      Plaintiff notified defendant via U.S. mail on June 10, 2008 that this civil action had been referred to Magistrate Judge Andrew J. Peck for general pretrial purposes and advised defendant that its Answer was past due (attached hereto as Exhibit 4).

10.     Plaintiff further advised defendant via Federal Express on June 18, 2008 that its Answer was past due and that an application for default judgment would be filed with the Court if no Answer was filed by June 25, 2008 (attached hereto as Exhibit 5).

11.     On June 20, 2008 defendant sent a facsimile and FedEx to Casey & Barnett advising that Jeffstar Marine Services, Inc. and Jeffstar Inc. are two separate corporations (attached hereto as Exhibit 6). The letter requested that plaintiff's counsel reissue a Summons and Complaint to Jeffstar Marine Services, Inc. only and that upon receipt of the new Summons and Complaint, counsel for Jeffstar Marine Services, Inc. would respond.

12.     Pursuant to Magistrate Judge Peck Order, dated June 18, 2008, an application for Default Judgment was filed with the Clerk of the Court on June 26, 2008 and filed electronically

2

June 30, 2008, due to a clerical oversight. Copies of application for Default Judgment were forwarded to both Jeffstar Marine Services, Inc. and Jeffstar, Inc. via U.S. mail on June 26, 2008.

13.     On or about June 30, 2008 a second correspondence was sent from the defendant to The Clerk of the Court and Casey & Barnett reiterating the point made in the previous correspondence and advising that Jeffstar Marine Services, Inc. was in the process of retaining counsel (attached hereto as Exhibit 7).

14.     On July 2, 2008, Magistrate Judge Peck endorsed a memo which was forwarded to Jeffstar Marine Services and Gregory G. Barnett and stated "[a]s of now, both Jeffstar entities are in default. A corporation can only appear in Court by counsel. Unless counsel for either or both Jeffstar entities appears promptly in this case, i.e., no later than 7/11/08, default judgment will be entered." (attached hereto as Exhibit 8).

15.     On July 3, 2008 Casey & Barnett received a facsimile from David Carlebach, which advised that Jeffstar, Inc. had filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (attached hereto as Exhibit 9). This was the first time our firm was made aware that Jeffstar, Inc. had filed for bankruptcy under Chapter 11.

16.     Plaintiff attaches hereto as Exhibit 10 page 43 of ACE's activity log, which is part of the ACE Insurance file we received from our client. It notes that the assured advised that Jeffstar Marine Services admitted that they did not winterize the vessel properly.

17.     Plaintiff attaches hereto as Exhibit 11, the insurance statement of claim sworn under oath as to its truth. Attached to the statement of claim is a detailed statement dated August 28, 2007 and signed by Sidney and Dean Freidman detailing the events surrounding the subject matter of the Complaint filed by ACE. This is part of the ACE insurance file kept in the ordinary course of business that we received from our client.

18.    Plaintiff attaches hereto, as Exhibit 12, several invoices from Jeffstar Marine Services, Inc. made out to Dean Friedman for the winterization of Sidney Friedman's vessel.

19.    On July 18, 2008 I had a telephone conversation with Sidney Friedman regarding, *inter alia,* the subject matter of this action. As the spelling of Dominic Aracci's last name is not the same on his affidavit as it is in the documentation we received from ACE, specifically Exhibit 11, I sought to confirm whether they were two separate individuals or one in the same. Mr. Friedman advised that he knew of only one Dominic at Jeffstar and that this man was the owner and/or president of the company. It is Mr. Friedman's understanding and my own, that these individuals are indeed the same person.

20.    Mr. Friedman further advised that his vessel was brought to Jeffstar Marine Services for winterization, which included winterizing the freshwater side of the engines.

21.    Attached hereto as Exhibit 13 is a copy of the survey report conducted by David G. Young to ascertain the nature of the loss sustained.

22.    Attached hereto as Exhibit 14 is a copy of Google Maps indicating that overland the distance from the Hewlett Harbor to 100 Jefferson Street in Freeport is 7.1 miles.

Dated: New York, New York
        July 22, 2008
        230-30

Christopher R. Martin

Sworn to me before this 22
Day of July, 2008

CHRISTOPHER M. SCHIERLOH
Notary Public, State of New York
No. 02SC6152972
Qualified in Nassau County
Commission Expires Sept. 25, 20

4

## CASEY & BARNETT, LLC
ATTORNEYS AT LAW
317 Madison Avenue, 21st Floor
New York, New York 10017
Telephone: (212) 286-0225
Facsimile: (212) 286-0261
Web: www.caseybarnett.com

MARTIN F. CASEY*
GREGORY G. BARNETT**
CHRISTOPHER M. SCHIERLOH

NEW JERSEY OFFICE
Casey & Barnett, LLP
25 Prospect Street
Morristown, NJ 07960

*   Admitted in NY and NJ
** Admitted in NY, NJ, La and OH

February 14, 2008

Tel:  (973) 993-5161
Fax: (973) 539-6409

*Via U.S. Mail*
Jeffstar Marine Services
100 Jefferson Street
Freeport, NY 11520

Re:     Assured: Sidney Friedman
        1993 – 48' Convertible sport fish
        Engine Damage – July 13, 2007
        Claim Amount: $46,065.45
        Our File No.: 230-30

Dear Sir/Madam:

We represent Indemnity Insurance Company of North America with respect to the engine damage sustained to Mr. Friedman's vessel. As you can see from the attached, the starboard engine sustained damages as a direct result of improper winterization and improper repairs made by Jeffstar Marine Services. The vessel was released to Mr. Friedman from your company with cracks present in the exhaust manifolds, which caused coolant to be lost from the closed side of the system while in service and resulted in damages. Damages in the amount of $46,065.45 were sustained, for which we hold you liable.

We ask that you please forward this to your underwriter and request that they contact the undersigned, as we would like to resolve this matter, if possible, without litigation.

We look forward to hearing from you in the future.

Very truly yours,
**CASEY & BARNETT, LLC**

Gregory G. Barnett

Encl.

GGB/crm

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ Southern _____ District of _____ New York _____

ACE AMERICAN INSURANCE COMPANY
a/s/o SIDNEY FRIEDMAN

**SUMMONS IN A CIVIL ACTION**

V.
JEFFSTAR MARINE SERVICES and
JEFFSTAR, INC.

CASE NUMBER: 08 CV 4315

JUDGE JONES

TO: (Name and address of Defendant)

Jeffstar Marine Services
100 Jefferson Street
Freeport, New York 11520

Jeffstar, Inc.
100 Jefferson Street
Freeport, New York 1152

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Gregory G. Barnett
Casey & Barnett, LLC
317 Madison Avenue, 21st Floor
New York, NY 10017
(212) 286-0225

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

MAY 0 7 2008

CLERK

DATE

(By) DEPUTY CLERK

Gregory G. Barnett (GGB-3751)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff



08  CV  4315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ACE AMERICAN INSURANCE COMPANY
a/s/o SIDNEY FRIEDMAN

Plaintiff,

- against -

JEFFSTAR MARINE SERVICES and JEFFSTAR,
INC.

Defendants.
-------------------------------------------------------------X

Plaintiff, Ace American Insurance Company (hereinafter "ACE"), by its attorneys, Casey &

Barnett, for its Complaint, alleges upon information and belief, as follows:

**PARTIES**

1.    At all material times, ACE, was and is a corporation organized and existing by

virtue of the laws of a foreign state with an office and place of business located at 140

Broadway, 40th Floor, New York, New York 10005 and was at all material times the insurer of

Sidney Friedman, owner of a 1993 48' Ricker 48 Convertible sportfish.

2.    At all material times, Sidney Friedman was the owner of a 1993 48' Ricker 48

Convertible sportfish (hereinafter "vessel"), a recreational sporting vessel with hull

identification number RIX48011A393.

3.      At all material times, Jeffstar Marine Services was and still is a business entity duly organized and existing under the laws of the state of New York, with a place of business located at 100 Jefferson Street, Freeport, New York 11520.

4.      At all material times, Jeffstar, Inc. was and still is a business entity duly organized and existing under the laws of the state of New York, with a place of business located at 100 Jefferson Street, Freeport, New York 11520 and was the owner, operator, and/or manager of Jeffstar Marine Services.

## JURISDICTION

5.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## FACTS

6.      During the Fall of 2006, Mr. Friedman contracted defendants to haul the vessel for winter storage, which included, among other things, winterizing the vessel's main engines.

7.      On or about June 26, 2007, Mr. Friedman was advised by defendants that they had improperly winterized the vessel, which resulted in damages to the vessel's starboard engine.

8.      Defendants attempted a repair of the engine and heat exchanger by welding the heat exchanger.  This was an improper repair as there were still existing cracks in the exhaust manifolds when the vessel was released to Mr. Friedman.

9.      On or about July 13, 2007, Mr. Friedman, unknowing of the coolant leaks, ran the vessel, which subsequently caused the starboard engine to overheat causing damage to the engine.

10.     The damages sustained to the vessel were not the result of any act or omission of the plaintiff but, to the contrary, were due solely as the result of breach of contract, breach of bailment, breach of the warranty of workmanlike performance, negligence, fault, neglect and gross negligence of Jeffstar Marine Services and Jeffstar, Inc.

11.     At all times relevant hereto, a contract of insurance for property damage was in effect between Sidney Friedman and ACE, which provided coverage for, among other things, loss or damage to the vessel.

12.     Pursuant to the aforementioned contract of insurance between Sidney Friedman and ACE, monies have been and will be expended on behalf of Sidney Friedman, to the detriment of ACE due to improper winterization and improper repairs to the starboard engine.

13.     Due to the improper winterization and repairs, the vessel and Sidney Friedman sustained damages which ACE has paid pursuant to the insurance policy.

14.     As ACE has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, ACE has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

15.     ACE brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested, as their respective interests may ultimately appear, and ACE is entitled to maintain this action.

16.     By reason of the foregoing, ACE has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $51,864.37.

3

17.     All and singular the matters alleged herein are true and correct.  ACE reserves the right to amend and supplement this Complaint, as further facts become available.

**WHEREFORE**, ACE prays:

1.      The Court order, adjudge and decree that defendants, JEFFSTAR MARINE SERVICES and JEFFSTAR, INC., be found liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs.

2.      That this Court grants to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       May 7, 2008
       230-30

                              CASEY & BARNETT, LLC
                              Attorneys for ACE


                    By:       _____
                              Gregory G. Barnett (GGB-3751)
                              317 Madison Avenue, 21st Floor
                              New York, NY 10017
                              (212) 286-0225

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ACE AMERICAN INSURANCE COMPANY
a/s/o SIDNEY FRIEDMAN

                         Plaintiff,

     - against -

JEFFSTAR MARINE SERVICES and JEFFSTAR,
INC.

                  Defendants.
-------------------------------------------------------------X

2008 Civ. 4315 (BSJ) (AJP)

**RETURN OF SERVICE**

     Pursuant to Fed. R. Civ. P. Rule 4, the plaintiff hereby makes proof of service to the

Court. The plaintiff attaches hereto Exhibit 1, the Affidavits of Service executed by Brian

Kleinberg declaring under penalty of perjury under the laws of the United States that he served a

true copy of the Summons and Complaint for the above referenced civil action upon Defendants

Jeffstar Marine Services and Jeffstar, Inc. on May 15, 2008.

Dated: New York, New York
      June 10, 2008
      230-30

                             CASEY & BARNETT, LLC
                             Attorneys for Plaintiff

By:                                  
                             Gregory G. Barnett (GGB-3751)
                             317 Madison Avenue, 21st Floor
                             New York, New York 10017
                             (212) 286-0225

---

ACE AMERICAN INSURANCE COMPANY A/S/O SIDNEY FRIEDMAN

Plaintiff(s)

Index #: 08 CV 4315

- against -

Date Filed:

JEFFSTAR MARINE SERVICES AND JEFFSTAR, INC.

Defendant(s)

**AFFIDAVIT OF SERVICE**

---

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

BRIAN KLEINBERG BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on May 15, 2008 at 03:55 PM at

100 JEFFERSON STREET
FREEPORT, NY11520

deponent served the within true copy of the SUMMONS & VERIFIED COMPLAINT on JEFFSTAR MARINE SERVICES, the defendant/respondent therein named,

CORPORATION  by delivering thereat a true copy of each to CAROL SMITH, REFUSED TRUE LAST NAME personally, deponent knew said corporation so served to be the corporation described in said SUMMONS & VERIFIED COMPLAINT as said defendant/respondent and knew said individual to be the GENERAL AGENT thereof.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|-----|-----------|-----------|---------------|------------------|-----------------|
| FEMALE | WHITE | BROWN | 45 | 5'5 | 130 |

GLASSES

Sworn to me on:  May 16, 2008

Linda Forman
Notary Public, State of New York
No. 01FO5031305
Qualified in New York County
Commission Expires August 1, 2010

Robin M. Forman
Notary Public, State of New York
No. 01FO6125415
Qualified in New York County
Commission Expires April 18, 2009

Larry Yee
Notary Public, State of New York
No. 01YE5015682
Qualified in New York County
Commission Expires July 26, 2009

**BRIAN KLEINBERG**

Docket #: 560106

---

ACE AMERICAN INSURANCE COMPANY A/S/O SIDNEY FRIEDMAN

Plaintiff(s)

- against -

JEFFSTAR MARINE SERVICES AND JEFFSTAR, INC.

Defendant(s)

Index #: 08 CV 4315

Date Filed:

**AFFIDAVIT OF SERVICE**

---

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

BRIAN KLEINBERG BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on May 15, 2008 at 03:55 PM at

100 JEFFERSON STREET
FREEPORT, NY11520

deponent served the within true copy of the SUMMONS & VERIFIED COMPLAINT on JEFFSTAR MARINE SERVICES, the defendant/respondent therein named,

**CORPORATION** by delivering thereat a true copy of each to CAROL SMITH, REFUSED TRUE LAST NAME personally, deponent knew said corporation so served to be the corporation described in said SUMMONS & VERIFIED COMPLAINT as said defendant/respondent and knew said individual to be the GENERAL AGENT thereof.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|-----|-----------|-----------|--------------|-----------------|----------------|
| FEMALE | WHITE | BROWN | 45 | 5'5 | 130 |

GLASSES

Sworn to me on:  May 16, 2008

Linda Forman
Notary Public, State of New York
No. 01FO5031305
Qualified in New York County
Commission Expires August 1, 2010

Robin M. Forman
Notary Public, State of New York
No. 01FO6125415
Qualified in New York County
Commission Expires April 18, 2009

Larry Yee
Notary Public, State of New York
No. 01YE5015682
Qualified in New York County
Commission Expires July 26, 2009

**BRIAN KLEINBERG**

Docket #: 560106

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY A/S/O SIDNEY FRIEDMAN | Index #: 08 CV 4315 |
| Plaintiff(s) | |
| - against - | Date Filed: |
| JEFFSTAR MARINE SERVICES AND JEFFSTAR, INC. | **AFFIDAVIT OF SERVICE** |
| Defendant(s) | |

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

BRIAN KLEINBERG BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on May 15, 2008 at 03:55 PM at

100 JEFFERSON STREET
FREEPORT, NY 11520

deponent served the within true copy of the SUMMONS & VERIFIED COMPLAINT on JEFFSTAR, INC., the defendant/respondent therein named,

**CORPORATION** by delivering thereat a true copy of each to CAROL SMITH, REFUSED TRUE LAST NAME personally, deponent knew said corporation so served to be the corporation described in said SUMMONS & VERIFIED COMPLAINT as said defendant/respondent and knew said individual to be the GENERAL AGENT thereof.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| FEMALE | WHITE | BROWN | 45 | 5'5 | 130 |
| GLASSES | | | | | |

Sworn to me on:  May 16, 2008

Linda Forman
Notary Public, State of New York
No. 01FO5031305
Qualified in New York County
Commission Expires August 1, 2010

Robin M. Forman
Notary Public, State of New York
No. 01FO6125415
Qualified in New York County
Commission Expires April 18,
2009

Larry Yee
Notary Public, State of New York
No. 01YE5015682
Qualified in New York County
Commission Expires July 26, 2009

**BRIAN KLEINBERG**

Docket #: 560107

---

ACE AMERICAN INSURANCE COMPANY A/S/O SIDNEY FRIEDMAN

Plaintiff(s)

Index #: 08 CV 4315

- against -

Date Filed:

JEFFSTAR MARINE SERVICES AND JEFFSTAR, INC.

Defendant(s)

**AFFIDAVIT OF SERVICE**

---

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

BRIAN KLEINBERG BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on May 15, 2008 at 03:55 PM at

100 JEFFERSON STREET
FREEPORT, NY11520

deponent served the within true copy of the SUMMONS & VERIFIED COMPLAINT on JEFFSTAR, INC., the defendant/respondent therein named,

**CORPORATION** by delivering thereat a true copy of each to CAROL SMITH, REFUSED TRUE LAST NAME personally, deponent knew said corporation so served to be the corporation described in said SUMMONS & VERIFIED COMPLAINT as said defendant/respondent and knew said individual to be the GENERAL AGENT thereof.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|------|-----------|-----------|---------------|------------------|-----------------|
| FEMALE | WHITE | BROWN | 45 | 5'5 | 130 |

GLASSES

Sworn to me on:  May 16, 2008

Linda Forman
Notary Public, State of New York
No. 01FO5031305
Qualified in New York County
Commission Expires August 1, 2010

Robin M. Forman
Notary Public, State of New York
No. 01FO6125415
Qualified in New York County
Commission Expires April 18, 2009

Larry Yee
Notary Public, State of New York
No. 01YE5015682
Qualified in New York County
Commission Expires July 26, 2009

**BRIAN KLEINBERG**

Docket #: 560107

## Service of Process:

1:08-cv-04315-BSJ-AJP Ace American Insurance Company v. Jeffstar Marine Services et al
CASREF, ECF


### U.S. District Court

### United States District Court for the Southern District of New York

### Notice of Electronic Filing

The following transaction was entered by Barnett, Gregory on 6/16/2008 at 2:34 PM EDT and filed on 6/16/2008

**Case Name:**       Ace American Insurance Company v. Jeffstar Marine Services et al
**Case Number:**     1:08-cv-4315
**Filer:**           Ace American Insurance Company
**Document Number:** 5

**Docket Text:**
**AFFIDAVIT OF SERVICE. Jeffstar Marine Services served on 5/15/2008, answer due 6/4/2008; Jeffstar, Inc served on 5/15/2008, answer due 6/4/2008. Service was accepted by Carol Smith. Document filed by Ace American Insurance Company. (Barnett, Gregory)**


**1:08-cv-4315 Notice has been electronically mailed to:**

Gregory George Barnett    ggb@caseybarnett.com

**1:08-cv-4315 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=6/16/2008] [FileNumber=4701672-0
] [8a300214f8563ec5a8be8f50a6dad983e83cbff60fb341279951c3003144ae9687f
618e426e46ec5f769d54b7b5dbd73093e216c95fbae22227b38f914648a4a]]

CASEY & BARNETT, LLC
ATTORNEYS AT LAW
317 Madison Avenue, 21st Floor
New York, New York 10017
*Telephone: (212) 286-0225*
*Facsimile: (212) 286-0261*
*Web: www.caseybarnett.com*

MARTIN F. CASEY*
GREGORY G. BARNETT**

CHRISTOPHER M. SCHIERLOH

\*    *Admitted in NY and NJ*
\*\* *Admitted in NY, NJ, La and OH*

NEW JERSEY OFFICE
Casey & Barnett, LLP
25 Prospect Street
Morristown, NJ 07960

Tel:  (973) 993-5161
Fax:  (973) 539-6409

June 16, 2008

*Via U.S. Mail*
The Clerk of the Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:    *Ace American Insurance v. Jeffstar Marine Services et al*
         08 Civ. 4315 (BSJ) (AJP)
         Our File: 230-30

Dear Sir/Madam:

We write in reference to the above captioned civil action.  Please find enclosed an original Return of Service and Waiver of Service of Summons, which we filed electronically on June 16, 2008.

Respectfully submitted,
CASEY & BARNETT, LLC

Gregory G. Barnett

GGB/crm

Encl.

## CASEY & BARNETT, LLC
ATTORNEYS AT LAW
317 Madison Avenue, 21ˢᵗ Floor
New York, New York 10017
*Telephone: (212) 286-0225*
*Facsimile: (212) 286-0261*
*Web: www.caseybarnett.com*

MARTIN F. CASEY*
GREGORY G. BARNETT**

CHRISTOPHER M. SCHIERLOH

* Admitted in NY and NJ
** Admitted in NY, NJ, La and OH

NEW JERSEY OFFICE
Casey & Barnett, LLP
25 Prospect Street
Morristown, NJ 07960

Tel: (973) 993-5161
Fax: (973) 539-6409

June 10, 2008

*Via U.S. Mail*
Jeffstar Marine Services
100 Jefferson Street
Freeport, NY 11520

> Re:  *Ace American Insurance Company a/s/o Sidney Friedman v.*
> *Jeffstar Marine Services and Jeffstar, Inc.*
> 08 Civ. 4315 (BSJ)
> Our File No.: 230-30

Dear Sir/Madam:

We represent Ace American Insurance Company in the above referenced civil action. Please be advised that this action has been referred to United States Magistrate Judge Andrew J. Peck for general pretrial purposes. Please find also enclosed the Judge's Order concerning the pretrial phase of the litigation and a copy of the "Individual Practices of Magistrate Judge Andrew Peck."

Please be advised that your Answer is overdue. Accordingly, we recommend that you immediately retain counsel to protect your interests.

If you should have any questions or wish to discuss this matter further, please do not hesitate to contact the undersigned.

Very truly yours,
**CASEY & BARNETT, LLC**

Gregory G. Barnett

Encl.

GGB/crm

## CASEY & BARNETT, LLC

ATTORNEYS AT LAW
317 Madison Avenue, 21st Floor
New York, New York 10017
*Telephone: (212) 286-0225*
*Facsimile: (212) 286-0261*
*Web: www.caseybarnett.com*

MARTIN F. CASEY*
GREGORY G. BARNETT**

CHRISTOPHER M. SCHIERLOH

*   Admitted in NY and NJ
**  Admitted in NY, NJ, La and OH

*NEW JERSEY OFFICE*
*Casey & Barnett, LLP*
*25 Prospect Street*
*Morristown, NJ 07960*

Tel:  (973) 993-5161
Fax:  (973) 539-6409

June 18, 2008

***Via Federal Express***
Jeffstar Marine Services
100 Jefferson Street
Freeport, NY 11520

Re:   *Ace American Insurance Company a/s/o Sidney Friedman v.*
      *Jeffstar Marine Services and Jeffstar, Inc.*
      08 Civ. 4315 (BSJ) (AJP)
      Our File No.: 230-30

Dear Sir/Madam:

We write in reference to the above captioned civil action. We sent you a letter on February 14, 2008 stating our claim against you, but it was unanswered. We filed suit and served you with the Summons and Complaint on May 15, 2008. We sent you a letter on June 10, 2008 advising that you were late in filing your Answer to the Complaint. Please be advised that we have been advised by the Court that if your Answer is not filed with the Court by June 25, 2008, we will file an application for a Default Judgment. Therefore, we recommend that you immediately retain counsel and have them file an Answer and contact the undersigned.

Very truly yours,
**CASEY & BARNETT, LLC**

Gregory G. Barnett

Encl.

GGB/crm

https://www.fedex.com/shipping/html/en/PrintIFrame.html

From:   Origin ID: OGSA   (212)286-0225
Martin Casey
CASEY & BARNETT
317 Madison Avenue
21ST FLOOR
NEW YORK, NY 10017



FedEx.
Express

**E**

CLS05308B/2/1/24

Ship Date: 18JUN08
ActWgt: 1 LB
System#: 5589837/INET8061
Account#: S *********

Delivery Address Bar Code



SHIP TO: 516-377-1480         BILL SENDER

**Jeffstar Marine Services**

**100 JEFFERSON ST**

**FREEPORT, NY 115206207**

Ref #   230-30
Invoice #
PO #
Dept #



TRK#   7920 7335 6316
0201

THU - 19JUN        A2
**STANDARD OVERNIGHT**

**11520**
NY-US
JFK

**ZM ELZA**



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

JEFFSTAR MARINE SERVICES INC.
100 Jefferson Street
Freeport NY 11520
Phone/Fax 516-377-1480

June 20, 2008

Via Federal express / fax
CASEY & BARNETT, LLC
ATTORNEYS AT LAW
317 Madison Avenue, 21st floor
New York NY 10017

RE: Ace American Insurance Company /Sidney Friedman.
    08 Civ. 4315(BSJ) (AJP)
    Your File No.: 230-30

Dear Gregory Barnett:

Please take note to item (4) in your summons and complaint as follows.
Jeffstar Inc is not and never was the owner or operator of Jeffstar Marine
Services Inc. They are (2) separate and distinct Corporations with different
ownership. Please reissue summons and complaint to Jeffstar Marine
Services Inc. Solely. Jeffstar Inc. has nothing to do with this matter and
would require separate counsel. Upon receipt of new summons and
complaint, Jeffstar Marine Services counsel will respond accordingly.

Thank You,

*as president*

Jeffstar Marine Services Inc.

JEFFSTAR MARINE SERVICES
100 JEFFERSON STREET
FREEPORT NY 11520
516-377-1480

JUNE 30, 2008

VIA U.S MAIL/ OVER NIGHT
THE CLERK OF THE COURT
DANIEL PATRICK MOYNIHAN
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007

RE: ACE AMERICAN INSURANCE V. JEFFSTAR MARINE SERVICES INC
08 CIV. 4315 (BSJ) (AJP)
THEIR FILE: 230-30

DEAR SIR/MADAM:

PLEASE REFER TO OUR LETTER DATED JUNE 20, 2008 TO CASEY &
BARNETT, LLC TO THE ATTENTION OF GREGORY BARNETT REQUESTING JEFFSTAR
INC BEING REMOVED FROM THIS ACTION AS THEY ARE A SEPARATE AND DISTINCT
CORPORATION. WE RECEIVED A NOTICE THAT THEY WERE APPILING FOR A DEFAULT
JUDGEMENT. JEFFSTAR MARINE SERVICES IS IN PROCESS OF RETAINING COUNCEL TO
ADDRESS THIS MATER.

THANK YOU

as president

JEFFSTAR MARINE SERVICES INC

C.C. Gregory Barnett / Casey & Barnett LLC

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
### Southern District of New York
### United States Courthouse
### 500 Pearl Street, Room 1370
### New York, N.Y. 10007-1312

Fax No.:        (212) 805-7933
Telephone No.:   (212) 805-0036

Dated:  July 2, 2008                                 Total Number of Pages:  2

| TO | FAX NUMBER |
|---|---|
| Jeffstar Marine Services | 516-377-1480 |
| Gregory G. Barnett, Esq. | 212-286-0261 |
|  |  |

# TRANSCRIPTION:

**MEMO ENDORSED 7/2/08**

As of now, both Jeffstar entities are in default.  A corporation can only appear in Court by counsel.  Unless counsel for either or both Jeffstar entities appears promptly in this case, i.e., no later than 7/11/08, default judgment will be entered.

Copies:    Jeffstar Marine Services (Fax, Regular & Certified Mail)
           Judge Barbara S. Jones

**JEFFSTAR MARINE SERVICES**
**100 JEFFERSON STREET**
**FREEPORT NY 11520**
**516-377-1480**



**JUNE 30, 2008**

VIA U.S MAIL/ OVER NIGHT
THE CLERK OF THE COURT
DANIEL PATRICK MOYNIHAN
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 7/2/08

RE: ACE AMERICAN INSURANCE V. JEFFSTAR MARINE SERVICES INC
08 CIV. 4315 (BSJ) (AJP)
THEIR FILE: 230-30

DEAR SIR/MADAM:

PLEASE REFER TO OUR LETTER DATED JUNE 20, 2008 TO CASEY &
BARNETT, LLC TO THE ATTENTION OF GREGORY BARNETT REQUESTING JEFFSTAR
INC BEING REMOVED FROM THIS ACTION AS THEY ARE A SEPARATE AND DISTINCT
CORPORATION. WE RECEIVED A NOTICE THAT THEY WERE APPILING FOR A DEFAULT
JUDGEMENT. JEFFSTAR MARINE SERVICES IS IN PROCESS OF RETAINING COUNCEL TO
ADDRESS THIS MATER.

THANK YOU

JEFFSTAR MARINE SERVICES INC

C.C. Gregory Barnett / Casey & Barnett LLC

**MEMO ENDORSED** 7/2/08

*[handwritten endorsement]* As of now, both Jeffstar entities are in default. A corporation can only appear in Court by counsel. Unless counsel for either/both Jeffstar entities appears promptly & by no later than 7/11/08, a default judgment will be entered.

SO ORDERED:

*[signature]*

Hon. Andrew Jay Peck
United States Magistrate Judge

**BY FAX**

## LAW OFFICES OF DAVID CARLEBACH, ESQ.
### 40 Exchange Place
### New York, New York 10005
### Business: 212-785-3041
### Fax: 212-785 3618

FROM:  David Carlebach, Esq.
DATE:   July 3, 2008

# FAX COVER SHEET

TO:      Gregory G. Barnett, Esq.
Casey & Barnett, LLC
317 Madison Avenue, 21st Floor
New York, NY 10017
Phone: (212) 286-0225
Fax: (212) 286-0261

**MESSAGE:**

NUMBER OF PAGES **FOLLOWING** THIS COVER SHEET:   5

IF YOU NEED A CONFIRMATION OR ANY OF THE PAGES RE-SENT, PLEASE
CALL OUR OFFICE AT THE ABOVE PHONE NUMBER.

LAW OFFICES OF DAVID CARLEBACH, ESQ.
40 Exchange Place
New York, New York 10005
(212) 785-3041

----

Telecopier (212) 785-3618

July 3, 2008

BY FACSIMILE TRANSMISSION
AND OVERNIGHT CARRIER
(212) 286-0261

Gregory G. Barnett, Esq.
Casey & Barnett, LLC
317 Madison Avenue, 21st Floor
New York, NY 10017

> Re:   Jeffstar, Inc.
> Chapter 11 Case No. 08-71854-ast
> United States Bankruptcy Court, Eastern District of New York
>
> ---
>
> ACE AMERICAN INSURANCE COMPANY a/s/o SIDNEY
> FRIEDMAN vs. JEFFSTAR MARINE SERVICES and JEFFSTAR,
> INC.
> United States District Court, Southern District of New York
> Case No. 08cv4315
>
> ---
>
> Entry of Default Judgment against Jeffstar, Inc.

Dear Mr. Barnett:

Please be advised that the above referenced debtor, Jeffstar, Inc. (the "Debtor"), has filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 15, 2008, with the United States Bankruptcy Court for the Eastern District of New York. A copy of the petition is enclosed herewith.

Accordingly, pursuant to Section 362(a) of the Bankruptcy Code the above referenced action as well as entry of a default judgment is automatically stayed. Section 362(a) of the Bankruptcy Code provides one of the fundamental protections afforded to a debtor in a bankruptcy case. Section 362(a) is applicable to all creditors and stays, inter alia, the following:

1.   the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced against the debtor before the commencement of the . . .

Gregory G. Barnett, Esq.

        case, or to recover a claim against the debtor that arose before the commencement of the
        . . . case;

2.     the enforcement, against the debtor or against property of the estate, of a judgement
        obtained before the commencement of the . . . case;

3.     any act to obtain possession of property of the estate, or of property from the estate or to
        exercise control over property of the estate; and

4.     any act to create, perfect, or enforce any lien against property of the estate.

See §362(a) of the Bankruptcy Code.

        Accordingly, the above referenced action, as well as any entry of a default judgment, must
immediately cease since its continued prosecution would constitute a violation of 362(a), set forth
more fully above.

        Any violation of the automatic stay may subject you and your client to sanctions and penalties
pursuant to, inter alia, Section 362(h) of the Bankruptcy Code and Contempt of Court pursuant to
Section 105(a) of the Bankruptcy Code,

                             Very truly yours,

                             David Carlebach

cc:    Hon. Barbara S. Jones, United States District Judge - SDNY (via FedEx)
       Hon. Andrew J. Peck, United States Magistrate Judge - SDNY (via FedEx)
       Dan Olivieri, Esq. (via Facsimile)

B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>Eastern District of New York | Voluntary Petition<br>Amended |
|---|---|

| Name of Debtor (If Individual, enter Last, First, Middle):<br>**Jeffstar, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): **5098** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**100 Jefferson Street**<br>**Freeport, New York**<br>ZIP CODE **11520** | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Nassau** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☑ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☑ Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.)

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☑ Debts are primarily business debts.

**Filing Fee** (Check one box)

- ☑ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☑ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- ☐ A plan is being filed with this petition
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B 1 (Official Form 1) (1/08)                                                                FORM B1, Page 2

| Voluntary Petition - Amended<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>**Jeffstar, Inc.** |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed:    **NONE** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:<br>**NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐   Exhibit A is attached and made a part of this petition. | X  **Not Applicable**<br>_____<br>Signature of Attorney for Debtor(s)          Date |

| Exhibit C |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br>☐   Yes, and Exhibit C is attached and made a part of this petition.<br>☑   No |

| Exhibit D |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>☐    Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>☐    Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| Information Regarding the Debtor - Venue<br>(Check any applicable box) |
|---|
| ☑    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| Certification by a Debtor Who Resides as a Tenant of Residential Property<br>(Check all applicable boxes.) |
|---|
| ☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>_____<br>(Name of landlord that obtained judgment)<br><br>_____<br>(Address of landlord)<br><br>☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B 1 (Official Form 1) (1/08)

FORM B1, Page 3

| Voluntary Petition - Amended<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>JeffStar, Inc. |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X __Not Applicable_____
    Signature of Debtor

X __Not Applicable_____
    Signature of Joint Debtor

    _____
    Telephone Number (If not represented by attorney)

    _____
    Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐   I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached.

☐   Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X __Not Applicable_____
    (Signature of Foreign Representative)

    _____
    (Printed Name of Foreign Representative)

    _____
    Date

### Signature of Attorney

X __s/David Carlebach DC-7350_____
    Signature of Attorney for Debtor(s)

    __David Carlebach Bar No. DC-7350__
    Printed Name of Attorney for Debtor(s) / Bar No.

    __Law Offices of David Carlebach__
    Firm Name

    __40 Exchange Place, Suite 1306 New York, New York 10005__
    Address

    __212-785-3041__    __212-785-3618__
    Telephone Number

    __4/15/2008__
    Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

__Not Applicable_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X __Not Applicable_____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X __s/_____
    Signature of Authorized Individual

    _____
    Printed Name of Authorized Individual

    _____
    Title of Authorized Individual

    __4/15/2008__
    Date

01/08/08                      COMMENTS INQUIRY                      APLCINQ
FILE ID : X 796 S 171402-0  INS/ACCT NAME: FRIEDMAN;SIDNEY
SUBL/SUF :    DATE ENTERED : 01/03/08  USER ID : 796-524  COMMENT NO. :  43
_____
| INDEX LINE: RSS - Initial Analysis and Strategy                          |
| CREATED BY:    Goebel, Judy A.                                           |
| PHYSICAL EVIDENCE AVAILABLE:YES                                          |
| LOSS EVENT DESCRIPTION:                                                  |
| Insured had his vessel winterized by Jeffstar Marine Services and on     |
| June 26th he was advised that they had failed to properly winterize the  |
| starboard engine causing damage due to freezing.  They indicated they    |
| had repaired it.  However our surveyor found that the closed cooling      |
| side of the starboard engine froze causing cracks in the exhaust         |
| manifolds, cross over pipe, inter cooler, heat exchanger tank and other  |
| engine components.  He indicates that Jeffstar attempted an improper     |
| repair to the engine and heat exchanger by welding the heat exchanger.   |
| They released the vessel to the insrued with cracks present in the       |
| exhaust manifolds that were causing coolant to be lost from the closed   |
|                                                                          |
|_____|
TO VIEW OLDER COMMENTS PRESS ENTER. TO VIEW NEWER COMMENTS PRESS PF7.
DO YOU WANT TO ENTER ANOTHER COMMENT? (Y/N): N ... PRESS ENTER.


| PF1 HELP |        | PF3 BACK  | PF5 COMMENT INDEX |    | PF7 VIEW NEWER |

# Vessel Owners or
# Masters Protest

Insurance Underwriting Agency, Inc.

File No: 796 S 171402-0

**ANY PERSON WHO KNOWINGLY FILES A STATEMENT OF CLAIM CONTAINING ANY FALSE OR MISLEADING INFORMATION IS SUBJECT TO CRIMINAL AND CIVIL PENALTIES.**

IMPORTANT NOTE: All theft losses must be reported to your local police or law enforcement agency serving the area in which the theft occurred. An accident involving property damage in excess of $500 or personal injury requiring medical treatment beyond first aid must be reported to the state or federal agency numbering your boat or having jurisdiction over the location of the accident.

I, _DEAN FRIEDMAN_

am the Owner/Master of vessel _"SUNCLIPPER"_    Coast Guard. No. (if applicable) _1100917_

My address is: _C/O OPSALES, 4217 AUSTIN BLVD, ISLAND PARK, NY 11558_

On the _13th_ day of _JULY_ , _2003_ , At approximately _9:00_ o'clock _P_ M., while

located at _In the Atlantic Ocean, 15 miles SE of Jones_ The above vessel met with an accident, the circumstances

of which are in detail, as follows: inlet

_Failure of starboard main engine due to loss of coolant. Please see statement dated_

_AUGUST 28th, 2007, as well as invoices from Jeffstar Marine Services_

The damage directly caused to said vessel by this accident is as follows: (Describe in detail all pars of the vessel which were damaged and the extent of the damage, or attach survey if available)

_Please see statement dated August 28th, 2007, attached, as well as Atlantic_

_Detroit Diesel invoices, photos_

The damage to said vessel may be inspected at _Surveyor Young already has inspected vessel and damaged parts_

Cost of repairs has been estimated at $ _49,979_ by:

(Name of Surveyor or repair yard: and attach written estimate, if possible)

THIS SECTION IS APPLICABLE TO THIRD PARTY CLAIMS ONLY.    N/A

As a result of this accident, damage was caused to other vessels or property, or injury to persons, as follows:
(Describe same fully, giving the names and addresses of the property damaged or persons injured.)

| Names and Addresses | Type of Damage or Injury | Estimated Amount |
|---|---|---|
| N/A | | |

Other vessels in vicinity were:

_____
(Give names or describe)

The names and permanent addresses or witnesses, including the crew of said vessel are listed below:

| Witness | Address |
|---|---|
| | |
| | |

At the time of the loss _____ owned said vessel free and clear, with no

encumbrances on same, and there was no insurance other than Policy No. _____ of the

_____ except as follow: (list any encumbrances and any

other insurance policies.)

All facts material to the question of insurance liability are stated above or attached hereto, and no such fact is withheld.

(Note: Attach surveys, estimates, statements of witnesses, photographs and other material statements. In case of collision a diagram, showing how it happened, should be attached.)

Neither the furnishing of this form nor acceptance of the completed statement by the Insurance Company constitutes admission of liability by said Company.

Witness _____ DAVID R. BYCK    Signed _____

Address 2482 Walters Ct. Bellmore NY 11710  Date September 11, 2007    (State whether Owner, Master, etc.)

State of New York

County of nassau    SS.

Personally appeared DEAN M. FRIEDMAN _____, Signer of the foregoing

statement, who made solemn oath that the same is true, and that no material fact is withheld.

Subscribed and sworn to before me, this ____12 TH____ day of September, 2007

NOTE: NOTARIZATION UNNECESSARY WHEN AMOUNT OF  _____ (Seal)
LOSS DOES NOT EXCEED $ 2500.00    Notary Public

SANDRA SEIDOWITZ
Notary Public, State of New York
No. 30-8909223
Qualified in Nassau County
Commission Expires December 31, 20 10

# Sidney Friedman

4217 Austin Boulevard
Island Park, NY 11558

August, 28th 2007

To Whom It May Concern,

Please let this statement set forth a detail of business conducted by and between myself as agent for my father, Sidney Friedman, and Jeffstar Marine Service aka Jeffstar Inc., and Dominic Ialici, one of the owners of Jeffstar. My father is the registered owner of the vessel and has been since its purchase in July, 2000.

This statement details a series of events which occurred between September-October, 2006 to date.

In the fall of 2006, the vessel, Sunclipper II, owned by my father, Sidney Friedman, was delivered by me to Jeffstar Marine Services/Jeffstar Inc., at its boatyard located at, 100 Jefferson St., Freeport, NY 11520. Said vessel was delivered for the purpose of winterizing, repair and storage during the late fall, winter and early spring.

The vessel in question, Sunclipper II, is a 1993, forty-eight foot, fly bridge, properly registered and documented, official number 1100917, sport fishing boat bearing hull number RIX48011A393.

Following discussions with the principal owner of Jeffstar, it was agreed that Jeffstar would perform the following services with reference to said vessel:

1) Full winterization of two diesel engines and all freshwater systems.
2) Protective shrink wrap of vessel following winterization.
3) Due to blisters exhibited upon hauling the vessel, it was agreed by and between me, my father and Jeffstar that the hull from the water line to the bottom of the keel had to be bead blasted and sanded in order to determine the extent of moisture in the hull
4) An approximate quotation at that time in order to make repairs to the hull was $9000.00. These repairs and cost were approved and authorized.

5) Further repairs were required, including two new raw water intake valves for both port and starboard motors as part of ongoing maintenance. This repair was approved and authorized.

6) Both raw water intake valves for both heads (toilets) were also in need of replacement and this was approved and authorized, again, as part of ongoing maintenance.

7) After the bead blasting operation, and the gel coat sanding were completed, it was determined that the hull of the boat had previously been barrier coated which indicated that further sanding of the hull would be required (please note: Jeff star's estimate number 2085, as this estimate indicated that the extra labor involved to remove the original barrier coat "should be close"). This was approved and authorized.

8) The only other service rendered by Jeffstar at my request was to have the hull compounded and waxed at a quoted cost of $12.00 per foot equaling a total charge of $576.00. This portion of Jeffstar's service was performed to my satisfaction and paid for.

During the months of November and December 2006, as well as, January, February, March, April, May and June of 2007, I visited the premises of Jeffstar no less than three times per month in order to check the ongoing work, and I maintained a dialogue with both the boat yard foreman, John, as well as the yard labor workers.

In addition, during these many months, many conversations were had with Dominic Ialici, a principal of Jeffstar, concerning the work being performed on the vessel in question.

During the period from December, 2006, until June, 2007, payments, including cash payments, were made by me to Jeffstar in the following amounts:

$1663.16
$400.00
$1527.16
$4500.00
$2000.00
$4000.00
$576.00
$14,666.32

Written acknowledgement and receipts for all of these payments were provided to me by writing on the paid invoice prepared by the secretary of Jeffstar, Carol Maitland.

Commencing on or about May 10th, 2007, I started to have difficulties in communicating with Jeffstar and especially with Dominic Ialici. Statements were made to me by Jeffstar employees that Mr. Ialici had locked himself into his boat and was not leaving his boat or taking calls from anyone, including his employees, for any reason. In addition, I was told that this was not the first time that Mr. Ialici has acted in this manner.

This inability to communicate led to my father directing me to retain the services of a marine surveyor in order to review the work done to the hull of the vessel from the water line to the keel inasmuch as the work did not appear to be correct.

Due to the observations and comments made by the surveyor, Mr. Arnold Gaba, I found it necessary to immediately communicate with Mr. Ialici. Unfortunately, he would not return my calls and I, therefore, had to advise the secretary for Jeffstar that the surveyor, Mr. Arnold Gaba, had stated that their work did not appear to be correct.

It now became apparent to both my father and me that it would be in our best interest to allow Jeffstar to complete certain work, pay for the services completed and acceptable, and, as quickly as possible, remove the vessel from the Jeffstar premises.

In order to accomplish this goal, I purchased anti-fouling bottom paint (Interlux Micron Extra) from Freeport Marine and delivered it to Jeffstar along with all running gear zincs to be applied to the vessel before it was re-commissioned.

On or about June 26th 2007, the Jeffstar yard foreman, John, notified me that the vessel would be ready to be put into the water and taken away. Previous to this communication, I was unable to communicate with Jeffstar for approximately three weeks because of the refusal of Mr. Ialici to return my phone calls and my being advised that he had once again deliberately locked himself in his vessel.

When I arrived for the launch of the vessel, I was advised by John, the yard foreman, that, when the coolant levels were checked, there was damage to

the fresh water side of the starboard engine including the heat exchanger end plate as well as the heat exchanger itself, plus assorted hoses. I was further advised that three freeze plugs had come out, all of which indicated an improper winterization process by Jeffstar. When I inquired as to how this happened, His reply was, "I don't know".

The heat exchanger end plate on the fresh water side was repaired and I was advised by John, that a pressure test had been performed. I was told that the results of the pressure test were positive and normal.

I, and the yard foreman, John, ran the vessel from Jeffstar to the bottom of the Hudson canal, then made a turn into an open canal and tested the motor for damage at 1500 rpm's. This test occurred for a distance of approximately three quarters of a mile in each direction at which point the vessel returned to Jeffstar to drop off the yard foreman. The vessel then proceeded to the Lawrence Yacht Basin, Lawrence NY, where the vessel remained until July 12th for other maintenance as well as some repairs caused by the negligence of Jeffstar as follows. These repairs were paid for by myself, Dean Friedman.

1) Canvas on both sides of the fly bridge damaged or destroyed - $175.00
2) Refrigerator water service valve frozen and cracked - $57.20
3) It should be noted that the sun shade canvas and support for the fly bridge was taken off the vessel and never returned, presumed value $52.00.
4) The upper station ignition keys were removed from the vessel and lost by Jeffstar. New ignition switches had to be installed - $125.00

On or about July 13th 2007, the vessel was used for the first time following the completion of the required repairs and, after running at 1800 rpm's for a period of an hour and forty five minutes, I detected an abnormal increase in temperature to the starboard engine. In slowing down and turning off the engine, an extensive amount of steam was coming out of the engine room door into the cockpit. This necessitated my return to the Lawrence Yacht Basin running only on the port engine.

I attempted to advise Mr. Ialici of the engine problems he and his firm had created, and the damage they had caused, both by several telephone calls, as

well as two registered letters, return receipt requested, which were delivered to Jeffstar, but did not result in my receiving a reply.

Therefore, in order to repair the damage to the starboard engine which clearly had not been winterized, I found it necessary to contact Atlantic Detroit Diesel/Allison. Following their survey and examination of the damaged engine, I received an estimate of repair from Atlantic Detroit Diesel/Allison in the amount of $30,000. However, the work, labor and parts required to repair the engine exceeded the estimate and the sum of $49,629.47 was paid.


Sidney Friedman


Dean Friedman

# Jeffstar Marine Services

**Estimate**

100 Jefferson Street
Freeport, NY 11520
(516) 377-1480

| | DATE | ESTIMATE NO. |
|---|---|---|
| | 12/7/2006 | 2068 |



| NAME / ADDRESS | |
|---|---|
| DEAN FRIEDMAN 61 ULSTER AVE ATLANTIC BEACH NY 11509 | |

| BOAT MFG. & YE... | MODEL | LOA | ENGINE | MODEL | BOAT NAME |
|---|---|---|---|---|---|
| 93 RICKER | | 48 | 6V92 | DETROIT | SUN CLIPPER |

| DESCRIPTION | QTY | COST | TOTAL |
|---|---|---|---|
| WINTERIZE DIESEL ENGINE: TEST FRESH WATER ANTIFREEZE LEVEL, FLUSH AND FILL RAW WATER COOLING SYSTEM WITH NON-TOX ANTIFREEZE. | 2 | 150.00 | 300.00T |
| SHRINKWRAP | 48 | 17.00 | 816.00T |
| LARGE SHRINKWRAP DOOR | 1 | 50.00 | 50.00T |
| YARDMAN SANDING  SAND SIX LOCATIONS ON HULL FOR MOISTURE TESTING | 0.75 | 50.00 | 37.50T |
| MECHANIC (LABOR) JOHN //: TAKE AND RECORD MOISTURE READINGS IN SIX LOCATIONS ON HULL, THREE TIMES. | 2 | 98.00 | 196.00T |
| NO-DAMP 36 OZ. | 4 | 9.40 | 37.60T |
| STAR BRITE MILDEW BAGS  (2) PACK | 4 | 8.50 | 34.00T |
| __WINTERIZE FRESH WATER SYSTEM, __HOT WATER HEATER, _2_HEAD, __SINKS, __SHOWERS, __MACERATER, __OUTDOOR SHOWER, __WINDSHIELD WASHER, __A/C, __ICE MAKER | 2 | 30.00 | 60.00T |
| NYSALES TAX | | 8.625% | 132.06 |

| | **TOTAL** | $1,663.16 |
|---|---|---|

# Jeffstar Marine Services

100 Jefferson Street
Freeport, NY 11520
(516) 377-1480

## Estimate

| DATE | ESTIMATE NO. |
|------|--------------|
| 3/27/2007 | 2143 |

**NAME / ADDRESS**

DEAN FRIEDMAN
61 ULSTER AVE
ATLANTIC BEACH NY 11509

*4-23-07*
*PAID IN FULL*
*Carol Maitland*

| BOAT MFG. & YE... | MODEL | LOA | ENGINE | MODEL | BOAT NAME |
|---|---|---|---|---|---|
| 93 RICKER | | 48 | 6V92 | DETROIT | SUN CLIPPER |

| DESCRIPTION | QTY | COST | TOTAL |
|---|---|---|---|
| MECHANIC (LABOR) JOHN 1/22/07 REMOVE (2) ENGINE INTAKE VALVES AND (2) HEAD VALVES | 4.5 | 98.00 | 441.00T |
| 3/4 BRZ FULL FLO VALVE | 2 | 33.95 | 67.90T |
| 3" GROCO FULL FLO BALL TYPE SEACOCK | 2 | 425.00 | 850.00T |
| SHIPPING ON VALVES | 2 | 23.50 | 47.00T |
| NY SALES TAX | | 8.625% | 121.26 |

| | TOTAL |
|---|---|
| | $1,527.16 |

# Jeffstar Marine Services

100 Jefferson Street
Freeport, NY 11520
(516) 377-1480

# Estimate

| DATE | ESTIMATE NO. |
|------|--------------|
| 1/16/2007 | 2073 |

| NAME / ADDRESS |
|----------------|
| DEAN FRIEDMAN |
| 61 ULSTER AVE |
| ATLANTIC BEACH NY 11509 |

| BOAT MFG. & YE... | MODEL | LOA | ENGINE | MODEL | BOAT NAME |
|---|---|---|---|---|---|
| 93 RICKER | | 48 | 6V92 | DETROIT | SUN CLIPPER |

| DESCRIPTION | QTY | COST | TOTAL |
|---|---|---|---|
| BEADBLAST BOTTOM WITH ENVIROMENTALS | 48 | 40.00 | 1,920.00T |
| YARDMAN (LABOR):1/30/07 TWO YARDMAN TWO HOURS EACH | 4 | 50.00 | 200.00T |
| YARDMAN (LABOR):1/31/07,2/1/07,2/2/07 ONE YARDMAN 8 HOURS EACH DAY GRINDING BARRIER COAT AND GELL COAT OFF BOTTOM OF BOAT | 24 | 50.00 | 1,200.00T |
| 3M 8" HOOKIT SANDING DISC (PURPLE) | 35 | 4.00 | 140.00T |
| YARDMAN (LABOR):2/6/07 TWO YARDMAN 7.5 HOURS EACH,GRINDING BARRIER COAT AND GELLCOAT OFF BOTTOM OF PARTS. | 15 | 50.00 | 750.00T |
| YARDMAN (LABOR):2/7/07 ONE YARDMAN 9 HOURS GRINDING BARRIER COAT AND GELL COAT OFF BOTTOM OF BOAT | 9 | 50.00 | 450.00T |
| YARDMAN (LABOR):2/8/07 TWO YARDMAN 7.5 HOURS EACH | 15 | 50.00 | 750.00T |
| YARDMAN (LABOR):2/9/07 TWO YARDMAN 7.5 HOURS EACH. | 15 | 50.00 | 750.00T |
| YARDMAN (LABOR):2/12/07 TWO YARDMAN 8 HOURS EACH. | 16 | 50.00 | 800.00T |
| YARDMAN (LABOR):2/15/07 TWO YARDMAN 7.5 HOURS EACH. | 15 | 50.00 | 750.00T |
| MECHANIC (LABOR) JOHN 2/16/07 REMOVE FROZEN ZINC PLATE OFF TRANSOM WITH TORCH. | 0.5 | 110.00 | 55.00T |
| **TOTAL** | | | |

Page 1

# Jeffstar Marine Services

100 Jefferson Street
Freeport, NY 11520
(516) 377-1480

# Estimate

| DATE | ESTIMATE NO. |
|------|------|
| 1/16/2007 | 2073 |

**NAME / ADDRESS**

DEAN FRIEDMAN
61 ULSTER AVE.
ATLANTIC BEACH NY 11509

| BOAT MFG. & YE... | MODEL | LOA | ENGINE | MODEL | BOAT NAME |
|------|------|------|------|------|------|
| 93 RICKER | | 48 | 6V92 | DETROIT | SUN CLIPPER |

| DESCRIPTION | QTY | COST | TOTAL |
|------|------|------|------|
| DOMINICK | | | |
| DOMINICK 2/7/07 | 1 | -4,500.00 | -4,500.00T |
| REMOVE NAME | 1 | -2,000.00 | -2,000.00T |
| MECHANIC (LABOR) JOHN 3/14/07 DO MOISTURE READING | 1 | 125.00 | 125.00T |
| YARDMAN (LABOR):3/15/07 POWERWASH. SET UP HEATER ON BOAT, LITTLE WATER CAME OUT. (STILL PINS METER) | 0.25 | 110.00 | 27.50T |
| MECHANIC (LABOR) JOHN 3/21/07 DO MOISTURE READING | 1 | 50.00 | 50.00T |
| 4" SHRINKWRAP TAPE | 0.25 | 110.00 | 27.50T |
| SHRINKWRAP AND STRING TO TENT | 2 | 22.00 | 44.00T |
| YARDMAN (LABOR): 2 MEN 1 1/2 HRS EACH TO TENT BOTTOM | 1 | 80.00 | 80.00T |
| 20 LB PROPANE TANK | 3 | 50.00 | 150.00T |
| YARDMAN (LABOR):TO SET UP PROPANE TANKS , HEAT BOAT, AND BREAK DOWN TANKS.  (1) HOUR EACH DAY. 6/5/07, 6/6/07,6/7/07, 6/8/07, 6/11/07, 6/12/07,6/13/07,7/14/07 AND 7/15/07. | 6 | 28.00 | 168.00T |
| | 8 | 70.00 | 560.00T |
| YARDMAN (LABOR):GRIND ALL BLISTERS AND FILL WITH DURAGLASS. SAND AND SMOOTH | 32 | 50.00 | 1,600.00T |
| YARDMAN (LABOR):APPLYING 5 COATS OF BARRIER COAT | 24 | 50.00 | 1,200.00T |

**TOTAL**

Page 2

# Jeffstar Marine Services

100 Jefferson Street
Freeport, NY 11520
(516) 377-1480

# Estimate

| DATE | ESTIMATE NO. |
|---|---|
| 1/16/2007 | 2073 |

| NAME / ADDRESS |
|---|
| DEAN FRIEDMAN<br>61 ULSTER AVE<br>ATLANTIC BEACH NY 11509 |

| BOAT MFG. & YE... | MODEL | LOA | ENGINE | MODEL | BOAT NAME |
|---|---|---|---|---|---|
| 93 RICKER | | 48 | 6V92 | DETROIT | SUN CLIPPER |

| DESCRIPTION | QTY | COST | TOTAL |
|---|---|---|---|
| YARDMAN (LABOR): APPLYING 3 COATS OF BOTTOM PAINT | 13 | 50.00 | 650.00T |
| DURA GLASS (GALLON) | 4 | 48.00 | 192.00T |
| FEIN 6" (8) HOLE SANDING DISC'S 60 OR 40  GRIT (25) PACK | 2 | 46.79 | 93.58T |
| PETTIT HIGH BUILD EPOXY BARRIER COAT (1 GALLON KIT) | 10 | 106.79 | 1,067.90T |
| PETTIT UNEPOXY BOTTOM PAINT | 3 | 79.99 | 239.97T |
| CHIP BRUSH, ROLLER COVER, AND TRAY LINER. | 8 | 15.00 | 120.00T |
| MECHANIC (LABOR) JOHN 6/26/07 : START TO INSTALL THROUGH HULL VALVES | 1.5 | 110.00 | 165.00T |
| MECHANIC (LABOR) JOHN 6/26/07 : FINISH VALVES: | 2.5 | 110.00 | 275.00T |
| MECHANIC (LABOR) JOHN6/27/07 : PLUM INTAKE HOSES. | 1.5 | 110.00 | 165.00T |
| WATER / EXHAUST HOSE 12.5' 3 " | 1 | 272.00 | 272.00T |
| WHITE SILICONE TUBE | 4 | 6.94 | 27.76T |
| MECHANIC (LABOR) JOHN6/27/07 : CHECK FLUIDS, FOUND CRACK IN STBD HEAT EXCHANGER COVER, REMOVED | 1.5 | 0.00 | 0.00T |
| MECHANIC (LABOR) JOHN 6/27/07 : INSTALL FRONT COVER, REPLACE BAD WELCH PLUGS, FOUND ONE HOSE N/G | 4 | 0.00 | 0.00T |
| | | **TOTAL** | |

Page 3

# Jeffstar Marine Services

100 Jefferson Street
Freeport, NY 11520
(516) 377-1480

# Estimate

| DATE | ESTIMATE NO. |
|------|--------------|
| 1/16/2007 | 2073 |

**NAME / ADDRESS**

DEAN FRIEDMAN
61 ULSTER AVE
ATLANTIC BEACH NY 11509

| BOAT MFG. & YE... | MODEL | LOA | ENGINE | MODEL | BOAT NAME |
|---|---|---|---|---|---|
| 93 RICKER | | 48 | 6V92 | DETROIT | SUN CLIPPER |

| DESCRIPTION | QTY | COST | TOTAL |
|---|---|---|---|
| MECHANIC (LABOR) JOHN6/28/07 : FINSH  MOTOR ADD 6 GALLONS ANTI FREEZE .CLEAN BILGE AND TOUCH UP BOTTOM | 5 | 0.00 | 0.00T |
| CAROL 6/29/07 NYSALES TAX | 1 | -4,000.00 8.625% | -4,000.00T 393.75 |

| | TOTAL |
|---|---|
| | $4,958.96 |

Page 4

# Jeffstar Marine Services

100 Jefferson Street
Freeport, NY 11520
(516) 377-1480

# Estimate

| DATE | ESTIMATE NO. |
|------|--------------|
| 1/5/2007 | 2085 |

**NAME / ADDRESS**

DEAN FRIEDMAN
61 ULSTER AVE
ATLANTIC BEACH NY 11509

| BOAT MFG. & YE... | MODEL | LOA | ENGINE | MODEL | BOAT NAME |
|---|---|---|---|---|---|
| 93 RICKER | | 48 | 6V92 | DETROIT | SUN CLIPPER |

| DESCRIPTION | QTY | COST | TOTAL |
|---|---|---|---|
| BEADBLAST BOTTOM WITH ENVIROMENTALS | 48 | 40.00 | 1,920.00T |
| YARDMAN SANDING GELCOAT AFTER BLASTING | 15 | 50.00 | 750.00T |
| YARDMAN (LABOR):GRIND ALL BLISTERS AND FILL WITH DURAGLASS, SAND SMOOTH.****** | 32 | 50.00 | 1,600.00T |
| YARDMAN (LABOR):APPLYING 5 COATS OF BARRIER COAT | 24 | 50.00 | 1,200.00T |
| YARDMAN (LABOR):APPLYING 3 COATS OF BOTTOM PAINT. | | 50.00 | 50.00T |
| DURA GLASS (GALLON) ***** | 5 | 48.00 | 240.00T |
| FEIN 6" (8) HOLE SANDING DISC'S 60 OR 40  GRIT (25) PACK | 2 | 46.79 | 93.58T |
| PETTIT HIGH BUILD EPOXY BARRIER COAT (1 GALLON KIT) | 10 | 106.79 | 1,067.90T |
| PETTIT UNEPOXY BOTTOM PAINT | 3 | 79.99 | 239.97T |
| PETTIT "ULTIMA"  PRO COPPER ALBLATIVE BOTTOM PAINT WITH "BIOLUX" SLIME/GRASS ADDITIVE. | 5 | 195.00 | 975.00T |
| CHIP BRUSHS, ROLLER COVER, AND TRAY LINER. | 8 | 15.00 | 120.00T |
| DEAN, ITEMS MARKED ***** ARE SUBJECT TO ACTUAL TIME AND MATERIALS USED, THESE ESTIMATES SHOULD BE CLOSE | | | |
| DOMINICK | 1 | -4,500.00 | -4,500.00T |

| | **TOTAL** | |
|---|---|---|

# Jeffstar Marine Services

100 Jefferson Street
Freeport, NY 11520
(516) 377-1480

# Estimate

| DATE | ESTIMATE NO. |
|------|--------------|
| 1/5/2007 | 2085 |

**NAME / ADDRESS**

DEAN FRIEDMAN
61 ULSTER AVE
ATLANTIC BEACH NY 11509

| BOAT MFG. & YE... | MODEL | LOA | ENGINE | MODEL | BOAT NAME |
|-------------------|-------|-----|--------|-------|-----------|
| 93 RICKER | | 48 | 6V92 | DETROIT | SUN CLIPPER |

| DESCRIPTION | QTY | COST | TOTAL |
|-------------|-----|------|-------|
| YARDMAN (LABOR): 1/30/07 TWO YARDMAN  TWO HOURS EACH | 4 | 50.00 | 200.00T |
| YARDMAN (LABOR):1/31,2/1,2/2/07 ONE YARDMAN 8 HOURS EACH DAY  GRINDING BARRIER COAT AND GELL COAT OFF BOTTOM OF BOAT. | 24 | 50.00 | 1,200.00T |
| YARDMAN (LABOR): | | 50.00 | 50.00T |
| 3M 8" HOOKIT SANING DISC (PURPLE) | 35 | 4.00 | 140.00T |
| DOMINICK 2/7/07 | 1 | -2,000.00 | -2,000.00T |
| NYSALES TAX | | 8.625% | 288.63 |

*paid 2/7/07*

| | TOTAL |
|--|-------|
| | $3,635.08 |

# Jeffstar Marine Services

100 Jefferson Street
Freeport, NY 11520
(516) 377-1480

# Estimate

| DATE | ESTIMATE NO. |
|---|---|
| 1/5/2007 | 2085 |

NAME / ADDRESS

DEAN FRIEDMAN
61 ULSTER AVE
ATLANTIC BEACH NY 11509

| BOAT MFG. & YE... | MODEL | LOA | ENGINE | MODEL | BOAT NAME |
|---|---|---|---|---|---|
| 93 RICKER | | 48 | 6V92 | DETROIT | SUN CLIPPER |

| DESCRIPTION | QTY | COST | TOTAL |
|---|---|---|---|
| BEADBLAST BOTTOM WITH ENVIROMENTALS | 48 | 40.00 | 1,920.00T |
| YARDMAN SANDING GELCOAT AFTER BLASTING | 15 | 50.00 | 750.00T |
| YARDMAN (LABOR):GRIND ALL BLISTERS AND FILL WITH DURAGLASS, SAND SMOOTH.****** | 32 | 50.00 | 1,600.00T |
| YARDMAN (LABOR):APPLYING 5 COATS OF BARRIER COAT | 24 | 50.00 | 1,200.00T |
| YARDMAN (LABOR):APPLYING 3 COATS OF BOTTOM PAINT. | | 50.00 | 50.00T |
| DURA GLASS (GALLON) ***** | 5 | 48.00 | 240.00T |
| FEIN 6" (8) HOLE SANDING DISC'S 60 OR 40  GRIT (25) PACK | 2 | 46.79 | 93.58T |
| PETTIT HIGH BUILD EPOXY BARRIER COAT (1 GALLON KIT) | 10 | 106.79 | 1,067.90T |
| PETTIT UNEPOXY BOTTOM PAINT | 3 | 79.99 | 239.97T |
| PETTIT "ULTIMA"  PRO COPPER ALBLATIVE BOTTOM PAINT WITH "BIOLUX" SLIME/GRASS ADDITIVE. | 5 | 195.00 | 975.00T |
| CHIP BRUSHS, ROLLER COVER, AND TRAY LINER. | 8 | 15.00 | 120.00T |
| DEAN, ITEMS MARKED ***** ARE SUBJECT TO ACTUAL TIME AND MATERIALS USED, THESE ESTIMATES SHOULD BE CLOSE | | | |
| DOMINICK | 1 | -4,500.00 | -4,500.00T |
| NYSALES TAX | | 8.625% | 323.99 |

**TOTAL**    $4,080.44

# JEFFSTAR INC

100 JEFFERSON STREET
(516) 377-1480
FREEPORT, NY 11520

# INVOICE

| DATE | INVOICE # |
|---|---|
| 12/7/2006 | 2024 |

BILL TO

DEAN FRIEDMAN
61 ULSTER AVE
ATLANTIC BEACH NY 11509

| TERMS | BOAT MFG. & Y... | MODEL | LOA | ENGINE | MODEL | BOAT NAME |
|---|---|---|---|---|---|---|
| | 93 RICKER | | 48 | 6V92 | DETROIT | SUN CLIPPER |

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| WINTER STORAGE2006/2007 HAUL, POWERWASH, BLOCK, STORE, LAUNCH BOAT | 48 | 30.00 | 1,440.00T |
| NYS Sales Tax | | 8.625% | 124.20 |

*(handwritten notes)* PD 400 of. 1564.20 400.00 1164.20 CARD

| | Total | $1,564.20 |
|---|---|---|



To see all the details that are visible on the screen, use the "Print" link next to the map.



**Hewlett Harbor, NY**

Drive: 7.1 mi – about 20 mins

| | | |
|---|---|---|
| 1. Head **northeast** on **Pepperidge Rd** toward **Auerbach Ave** | | 0.4 mi |
| 2. Continue on **Waverly Ave** | | 0.3 mi |
| 3. Turn **right** at **Main St** | | 0.8 mi |
| 4. Slight **left** at **Atlantic Ave** | | 1.3 mi |
| 5. Turn **left** at **Long Beach Rd** | | 0.2 mi |
| 6. Turn **right** at **Davison Ave** | | 0.4 mi |
| 7. Slight **right** at **Brower Ave** | | 1.0 mi |
| 8. Continue on **Atlantic Ave** | | 1.8 mi |
| 9. Turn **right** at **Guy Lombardo Ave** | | 0.6 mi |
| 10. Turn **left** at **Layton St** | | 0.2 mi |
| 11. Turn **left** at **Hudson Ave** | | 246 ft |
| 12. **Hudson Ave** turns **left** and becomes **Jefferson St** | | 0.1 mi |

Dolan & Young Marine, Inc.
**David G. Young**
Marine Surveyor
P.O. Box 568
Jamesport, NY 11947
Tel No. (631) 722-3160  Fax No. (631) 722-5760

| | | | |
|---|---|---|---|
| **SURVEY FOR:** | ACE Rec Marine Claims<br>P.O. Box 5468<br>Concord, NC 28027 | **ATTN:**<br>**PHONE NUMBER:**<br>**FAX NUMBER:** | Mike Burns<br>866-379-4991<br>866-379-4861 |
| **INSURED:** | Sidney Friedman<br>4217 Austin Boulevard<br>Island Park, NY 11558 | **BUSINESS NO:**<br>**CELL NO:** | 516-889-5800<br>516-817-4407 |

| | | | |
|---|---|---|---|
| **DATE OF LOSS:** | 7-13-07 | **POLICY NO:** | YKR Y07404967 |
| **DATE SURVEYOR NOTIFIED:** | 8-31-07 | **CLAIM NO:** | 796 S 171402-0 |
| **DATE REPORT COMPLETED:** | 11-28-07 | | |
| **DATE OF INSPECTIONS:** | 9-7-07 | | |
| **LOCATION OF LOSS:** | 100 Jefferson Street, Freeport, NY 11520 | | |

**NATURE OF LOSS AS REPORTED BY INSURED:**   See insured's letter of 8-28-07

**NATURE OF LOSS AS FOUND:**   Starboard engine suffered severe overheat causing catastrophic damage to engine after marina damaged starboard engine by improper winterization and improper repairs

| | | | |
|---|---|---|---|
| **YEAR:** | 1993 | **MANUFACTURER:** | Ricker |
| **TYPE:** | 48' Convertible sport fish | **CONSTRUCTION:** | FRP |
| **HULL ID NO.:** | RIX48011A393 | **HP:** | 2- ~ 550 each (1,100) |
| **LENGTH:** | 51'10" OA | **FUEL:** | Diesel |
| **POWER:** | Inboard | **BEAM:** | 16'2" |
| **DRAFT:** | 4'3" | **WEIGHT:** | 39,000# |
| **DOC NO./ REG. NO.** | Not Found | **NAME:** | "Relentless" |
| **ENGINE SERIAL NO:** | (PORT) Not recorded | (STARBOARD) | 6VF197894 |
| **ENGINE MODEL NO:** | Series- DDA 692TI (Not Recorded) | (STARBOARD) | DDA 692 TI -8062 7403 |
| **ENGINE HOURS:** | (PORT) 1458 on gauge | (STARBOARD) | 1464 on gauge |
| **GENERATOR:** | Northern Lights 1896.5 Hrs | | |

**VESSEL'S PRESENT LOCATION:** Lawrence Yacht Club, Lawrence, NY
**VESSEL'S REPAIR LOCATION:** At dock by Atlantic Detroit Diesel Allison, 3025 Veterans Memorial Highway, Ronkonkoma, NY 11779
**CONTACT:** Pete Padovana   **PHONE NUMBER:** 631-981-5800

**ASSUMED DESCRIPTION OF CONDITION BEFORE LOSS:** Good to fair
**APPROXIMATE ACTUAL CASH VALUE:**   No book values found – For Sale Listings Range 179,000 to 250,000

RE: Friedman                                    REPORT - Page 1 of 9
CLAIM NO.: 796 S 171402-0

## SCOPE OF SURVEY:

At the request of Mike Burns of ACE Rec. Marine Claims, the undersigned surveyed the vessel described on the cover sheet of this report. The purpose of this survey was to determine the cause, nature and extent of damages.

Inspection of the vessel was conducted while it was afloat at the Lawrence Yacht Club. I was permitted access to the vessel by Mr. Dean Friedman who remained in attendance throughout the damage inspection. At the time of the inspection the repairs to the claimed damages had been completed. However Mr. Friedman had retained the majority of the parts that had been affected by the claimed loss incident. These were located at his home where the undersigned traveled for the purpose of inspection and retention on the date of the inspection.

Identification was made to the vessel. The hull ID numbers were recorded and appear on the cover sheet of this report. They agree with the hull ID numbers recorded on the policy's declarations page provided with the damage survey assignment. (See digital photos 1 through 4)

## FOUND ON INSPECTION:

Inspection of the vessel focused primarily on the claimed damages relating to the recent claimed loss, its cause and extent. No other damages relating to the claimed loss, other than those mentioned below, were found on inspection or investigation.

## FOUND:

1) Upon receiving the damage survey assignment the undersigned contacted Mr. Dean Friedman (the insured's son acting as his representative) via telephone on 9-5-07 and questioned him about the circumstances of the claimed loss incident. He reiterated the circumstances of his claim as written in the Mr. Sydney Friedman letter of 8-28-07 that was provided by you with the damage survey

**RE: Friedman**                                            **REPORT – Page 2 of 9**
**CLAIM NO.: 796 S 171402-0**

assignment. He told me he had retained the services of Mr. Donald Rave (attorney) for the purpose of recovering any losses his father has suffered pertaining to the claimed loss on the vessel. I made arrangements with him to meet on 9-7-07 to inspect the vessel, the removed parts and collect the necessary documents relating to his claim.

2) On 9-7-07 the undersigned initially met with Mr. Dean Friedman at his place of business OP Sales, 4217 Austin Boulevard, Island Park, NY. At this time he signed an authorization for testing. A copy of this authorization is also attached to this report. Mr. Friedman also provided the undersigned with a photo disc of photos he had taken of the damages to the vessel and a folder containing the following documents:

- 6 Pages Atlantic DDA repair order customer summary
- 6 Pages Atlantic DDA Invoice
- 5 Pages Sydney Friedman letter 8-28-07
- 1 Page Island Canvas Invoice dated 7-07
- 2 Pages Jeffstar Marine Services estimate 1-5-07 #2085
- 1 Page paid receipt for $576.00 and $4,000.00
- 1 Page Jeffstar Marine Services estimate 1-16-07 #2073
- 1 Page Ricker telephone numbers
- 5 Pages Jeffstar Marine Services estimate 1-16-07 #2073
- 2 Pages Jeffstar Marine Services estimate 1-5-07 #2085
- 1 Page Diesel Marine Service Invoice #3327
- 1 Page copy of check #1068 to Atlantic DDA dated 7-23-07
- 1 Page P C Industries invoice 31 July 2007
- 1 Page Certified Mail receipt 7-30-07
- 1 Page copy of check #1071 to Atlantic DDA
- 1 Page hand written "Dean" dated 7-14-07
- 1 Page Atlantic DDA RO # 108181

RE: Friedman                                    REPORT - Page 3 of 9
CLAIM NO.: 796 S 171402-0

- 2 Pages Atlantic DDA credit card authorization
- 2 Pages Appliance Doctor invoice #13177 & 13072
- 1 Page 14 Item list
- 1 Page Jeffstar estimate # 2143
- 1 Page Jeffstar invoice # 2024
- 1 Page Jeffstar estimate #2068
- 1 Page letter to Jeffstar Dean Friedman
- 1 Page certified mail receipt 7-24-07
- 1 page letter to Dominic Ialici 7-16-07
- 1 Page certified mail receipt 7-16-07
- 1 Page Delaware Turnpike toll receipts
- 1 Page Maryland Transportation toll receipts
- 1 Page New Jersey Turnpike toll receipts
- 8 Pages Photos

Copies of these documents were forwarded to you via US mail.

After reviewing the documents I questioned Mr. Friedman as to why he chose Atlantic Detroit Diesel to perform the repairs. He told me he chose Atlantic because he knew they were a DDA factory dealership and repairer and could guarantee their repairs.

3) On 9-7-07 the undersigned then traveled to Mr. Dean Friedman's home at 61 Ulster Avenue, Atlantic Beach, NY 11509 for the purpose of examining the damaged parts removed from the damaged starboard engine of the vessel.

4) Mr. Friedman had retained the exhaust manifolds, cylinder heads, exhaust cross over pipe, cylinder liners, inter cooler, and pistons. Inspection of the exhaust manifolds found both the port and starboard manifolds cracked through the cast iron closed cooling side outward toward the exterior outer edges. The crack ran nearly along the entire edge of the manifolds lower corner edges. The cracking

RE: Friedman                                    REPORT - Page 4 of 9
CLAIM NO.: 796 S 171402-0

on both manifolds appeared typical as cracking caused by internal liquid freeze damage. (See digital photos 5 through 8)

5) Inspection of the cast iron exhaust manifold cross over pipe found it cracked through the closed cooling side outward toward the exterior edges in the area of the center of the pipe perpendicular to the length of the pipe. This crack also appeared to be caused by the expansion of frozen liquid in the closed cooling jacketed side of the pipe. (See digital photos 9 and 10)

6) Inspection of the inter cooler found its normally rectangular shape distorted and bent outward. This inter cooler when in service is normally filled with liquid from the closed coolant system of the engine. The swollen distorted profile of the inter cooler indicates to the undersigned consistency with the findings of damage to the exhaust manifolds. The damage to the inter cooler was also caused as a result of frozen liquid expanding in the closed cooling side. (See digital photo 11)

7) Inspection of the cylinder liners and pistons found the interior surfaces of the liners and the exterior wear surfaces of the pistons scored and galled. This finding is typical of damage caused as a result of overheating. (See digital photos 12 through 16)

8) Inspection of the cylinder heads found cracks through the cast iron castings in the area of the combustion chambers between the valves in both the port and starboard heads. This finding is typical of damage as caused by overheating. (See digital photos 17 through 21)

9) The undersigned initiated a chain of custody and retained 2 cylinder liners, 2 pistons and the inter cooler. A copy of this chain is also attached to this report. The undersigned advised Mr. Friedman to retain the remaining parts that were examined by the undersigned until further notice.

10) After examining the removed parts the undersigned traveled to the Lawrence Yacht Club and inspected the vessel on 9-7-07.

RE: Friedman                                    REPORT - Page 5 of 9
CLAIM NO.: 796 S 171402-0

11) Inspection of the vessel found it to be in overall good to fair condition.
Inspection found the starboard engine had been recently painted as typical with
the parts shown to the undersigned as replaced. Inspection of the starboard
engine's closed cooling heat exchanger tank mounted on the front of the engine
found a weld repair on the front of the cast aluminum tank running the entire
width of the tank at its bottom face surface and upward on its inboard face
surface about 10". Mr. Friedman told the undersigned that Jeffstar Marine
Services had performed the weld repair prior to returning the vessel to him. This
operation is described in the Jeffstar Marine Services estimate #2073 dated 1-
16-07 and no charges were made. (See digital photos 22 and 23)

12) No external cracks were found on the starboard engine at the time of the damage
survey inspection. Both engines started and idled at the dock without any
abnormal indications. (See digital photo 24)

13) On 9-11-07 the undersigned received a call from Don Rave via voice mail to
please return the call.

14) On 9-12-07 the undersigned spoke with you via telephone concerning the
seemingly high labor charges billed to the insured by Atlantic DDA.

15) On 9-14-07 the undersigned contacted Mr. Don Rave via telephone. I told him
my opinion as to the cause of the damages to the insured's vessel. I advised him
that at the moment it was my opinion the labor charged by Atlantic was higher
than would normally be expected for a repair of this nature. I told him I needed
more time to thoroughly examine the invoices and seek outside opinions to the
fairness of the invoicing.

16) On 9-17-07 the undersigned contacted Bayside Diesel (a non DDA authorized
engine rebuilder with experience in repairing similar engines) via telephone and
spoke with George and questioned him as to the amount of labor hours it
generally requires to perform a rebuild to a GM 692 series engine. He told me
normally the rebuild requires approximately 80 to 100 hours.

RE: Friedman                                    REPORT - Page 6 of 9
CLAIM NO.: 796 S 171402-0

17) On 9-18-07 the undersigned contacted Phil at East End Diesel (a non authorized
    DDA rebuilder with experience in rebuilding similar engines) via telephone and
    questioned him as to how many hours it should require to rebuild a GM 692
    series engine. He told me he generally performs the task between 90 and 120
    hours.

18) On 10-3-07 the undersigned received via fax copies of a letter to you and Pete
    Padovana and the complaint filed by Mr. Rave for Mr. Friedman. You were also
    sent these documents.

19) On 10-9-07 the undersigned met with Pete Padovana, the service manager and
    Sean, the service technician that performed the physical engine repairs on the
    insured's vessel at Atlantic DDA. At the meeting we mutually reviewed the
    time sheets for the repairs to the starboard engine in the insured's vessel. Pete
    explained to the undersigned that the shops normal charge for straight time is
    $132.00 per hour. Overtime charged hours are any hours worked prior to 7:00
    AM or after 3:00 PM. The hourly overtime rates are billed at $198.00 per hour.
    He explained they are a union shop therefore time is charged for the technicians
    from when they leave the shop until they return and / or cease working on that
    particular job ticket. This particular job required two technicians the majority of
    the repair due to the size and weight of the parts and engine arrangement in the
    vessel.

    We reviewed the time tickets and found that the invoice billing for the
    starboard engine was 178 hours in straight time and 39.5 hours in overtime
    totaling 217.5 hours. Of the 217.5 hours there were approximately 84 hours in
    travel time leaving 133.5 hours for the actual repairs. In that time he explained
    was labor for cautionary labor such as checking the block for leaks and cracks
    due to the findings that the engine had frozen at some point in time prior to
    suffering a severe overheat due to lack of coolant. Sean estimated this time to be
    approximately 20 hours additional as would be to a normal rebuild. Also

**RE: Friedman**                                    **REPORT - Page 7 of 9**
**CLAIM NO.: 796 S 171402-0**

complications arose causing added labor time because the wrong turbo or manifolds had been sent to the insured by another unrelated vendor as they were unavailable through Atlantic DDA. Pete provided the undersigned with copies of the time sheets for the repairs to the starboard engine. Copies of these time sheets are also attached to this report.

At the time of the meeting the undersigned questioned Pete and Sean on the expected service life of the 692 engine. They told me an "average" (depending on the extent of regular maintenance) service life of that model from their experience is approximately 2,500 hours. Therefore the starboard engine in the vessel prior to the claimed loss incident was at approximately 58% of its approximate service life.

## CAUSE OF DAMAGES:

It is the undersigned's opinion that the damages as found to the starboard engine were caused as a result of improper winterization by Jeffstar Marine Services. During the winter freeze period the closed cooling side of the starboard engine froze because the closed cooling side of the engine had not been protected to freezing temperatures by using the correct coolant mixture, causing cracks in the exhaust manifolds, cross over pipe, inter cooler, heat exchanger tank and other unspecified engine components. Jeffstar Marine Services attempted an improper repair to the engine and heat exchanger by welding the heat exchanger. Jeffstar Marine Services released the vessel to the insured with cracks present in the exhaust manifolds that were causing coolant to be lost from the closed side of the system while in service. The insured unknowing of the coolant leaks ran the vessel under load causing the starboard engine to overheat in turn causing catastrophic damage to the cylinder liners and pistons.

## EXTENT OF DAMAGES:

It is the undersigned's opinion that the invoice from Atlantic DDA for the repairs to the starboard engine totaling $49,629.47 is higher than would normally be

RE: Friedman                                    REPORT - Page 8 of 9
CLAIM NO.: 796 S 171402-0

expected but fair and reasonable in accordance with industry standards due to the
information as found in found #2 and #19. Please note that additional expenses for parts
incurred by the insured are as follows:

| | | |
|---|---|---|
| PC Industries  (turbo) | 1,425.00 | |
| Diesel Marine Services (manifolds) | 1,260.00 | |
| Atlantic DDA | ~~49,629.47~~ | 47654.48 |
| Total: | ~~52,314.47~~ | 50339.48 |

Please adjust as per your policy.


Submitted Without Prejudice,


David G. Young AMS



This survey has been prepared and submitted in good faith. It is a description of the
condition as then found. The surveyor assumes no responsibility for any defects and
shall be held harmless for any condition arising. This survey does not guarantee either
expressed or implied the condition of the above-surveyed vessel.

Enclosures:

| | |
|---|---|
| Photo Description | 24 Digital Photos |
| Authorization for Testing | 1 Page |
| Chain of Custody | 1 Page |
| Atlantic DDA Time Sheets | 12 Pages |
| Dolan & Young Invoice | 1 Page |