UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X  Docket No. 08 CV 4315
ACE AMERICAN INSURANCE COMPANY,
a/s/o SIDNEY FRIEDMAN
                         Plaintiff,

                                                          **AFFIRMATION IN**
      -against-                            **OPPOSITION TO INQUEST**

JEFFSTAR MARINE SERVICES and
JEFFFSTAR Inc.

                       Defendants.
----------------------------------------------------------------X

       DANIEL R. OLIVIERI, an attorney duly licensed to practice before this Court and before the Courts of the State of New York affirms pursuant to the penalties of perjury the following.

    1.    I am a member of Daniel R. Olivieri, P.C. attorney for defendant Jeffstar Marine Services Inc (improperly sued herein as Jeffstar Marine Services) in the above-captioned action and as such am fully familiar with the facts and circumstances set forth herein.

    2.    I submit this Affidavit in opposition to Plaintiff's application for a judgment after inquest.

    3.    First and foremost, Plaintiff's papers are defective as there is no affidavit from anyone who actually inspected, repaired or charged for the repairs. All that is offer is an unsworn survey report that admits that the repairs were made before the inspection of the boat by David Young, Marine Surveyor. In addition, Mr. Young admits that he dealt with Mr. Dean Friedman (upon information and belief deceased) not the

plaintiff/subrogee/insured Mr. Sidney Friedman and that there was no verifiable chain of custody of the purported damage parts. No where is there any offer of proper proof of necessary repairs made to the engine by the individual(s) who made the repairs let alone the actual sworn charges for the repairs (See page 1 of the report – Plaintiff's Exhibit 1). In fact, Mr. Young only was able to make his determination of damages based on his conversation with Dean Friedman. In deed, Mr. Young found damage to the closed cooling side jacket of the pipe (the fresh water side of the cooling system – Seepage 4 paragraphs 5 and 6 of Young's report) which Jeffstar Marine Services was not retained to winterize (See Aracci Affidavit).

4. Again, no where is there any mention of the warning gauges and audio alarms for over heating engines (See Aracci Affidavit). Moreover, there is only hearsay allegation that the insured (Dean Friedman) unknowingly ran the vessel under load causing the overheating. (See page 7 – Causes of Damages of Young's report – Plaintiff's Exhibit 1).

5. By reason of the foregoing, it is respectfully requested that this Court deny Plaintiff's application for an award of damages upon the improper and incomplete submission of purported damages to the boat by the Plaintiff together with such other and further relief this Court deem just and proper.

WHEREFORE, it is respectfully requested that this Court deny Plaintiff's application for a judgment in its entirety with such other and further relief as this Court deems just and proper.

Daniel R. Olivieri, Esq. (DO9969)